MARY A. STALLINGS ET AL. v. RICHARD HURDLE.

(Filed 15 September, 1915.)

**1. Evidence—Hearsay—Declarations.**

Declarations made by a person on a survey, in which he was representing a third person and acting for him in a controversy, not between plaintiff and defendant, or their ancestors in title, but between defendant and the third person, were incompetent, where they were in the interest of the third person.

**2. Adverse Possession—Evidence—Sufficiency.**

Evidence *held* to sustain a finding that plaintiffs had been in the adverse possession of a strip of land for the statutory period.

**3. Appeal and Error—Questions Reviewable—Questions Not Raised in Trial Court.**

It is too late on appeal to raise a question by exception to the charge, entered after trial, which if made at the time could have been cured by proof, which was not offered owing to an admission of appellant. An exception to a charge, that the court erred in charging that twenty years adverse possession was sufficient, raised for the first time on appeal, is equivalent to an exception after trial that the judge did not charge that the evidence was not sufficient to go to the jury, and cannot be entertained.

APPEAL by defendant from *Ferguson, J.,* at April Term, 1914, of PERQUIMANS.

From a judgment for plaintiffs, defendant appeals.

*Ward & Grimes and Charles Whedbee for plaintiffs.*
*Ward & Thompson and P. W. McMullan for defendant.*

CLARK, C. J.   This action was brought to determine the boundary line between plaintiffs and defendant, and the complaint alleged that in an action determined in 1892, in which this defendant was plaintiff and the ancestor in title of the plaintiffs was the then defendant, there was an award duly entered of record in accordance with law, and a plat attached thereto, and that thereunder the land now claimed by the plaintiffs was awarded their ancestor, the then defendant, and such award is pleaded in this action as an estoppel against this defendant.   The defendant admits the said award, but denies that the line then adjudicated is as claimed in the complaint, and further pleads that since the entering of said award, and for more than twenty years prior to the beginning of this action, the defendant had been in possession of the land in controversy openly, notoriously, and adversely.

At the beginning of the trial the following admission was entered on the record: "Admitted by both parties that the plaintiffs owned east of the black line on the map and the defendant owned west of the red line."

In the charge the court stated (to which there is no exception): "It is conceded upon the part of the plaintiffs that the defendant owns the land west of the true line lying between the respective tracts, and it is conceded upon the part of the defendant that the plaintiffs own the land east of the true line between them."

The controversy was, therefore, not one of title, but simply a question of boundary, and it is over 2½ acres of land, on which the plaintiffs allege that the defendant has trespassed by cutting and removing a log. The jury found the boundary to be as claimed by the plaintiffs, and assessed the damages at 5 cents.

The assignments of error may be grouped into three:

1. The defendant excepted to the refusal of the court to allow the defendant to testify as to the statement made by one Elsbury Riddick in regard to the location of the line.

The statement was made by Riddick during a survey in which he was representing one Eason, and acting for him in a controversy not between the defendant and present plaintiffs, or their ancestor in title, but between the defendant in this action and said Eason. The statement sought to be brought out would have extended the boundaries of Eason, whom Riddick was then representing, and was a declaration in the interest of the party he was representing. It was, therefore, incompetent. The law as to the admission of declarations in such cases is so clearly stated, with citation of authorities, by *Mr. Justice Allen* in *Sullivan v. Blount,* 165 N. C., 7, that it is not necessary to discuss the proposition.

2. The assignments of error 3 to 11, inclusive, relate to the question whether there was any evidence that the plaintiffs had shown twenty years possession of the strip of land claimed by them outside of the fence; the black line approximately representing the fence around the cleared land of the plaintiffs. Aside from the finding of the arbitrators in 1892, and the Babb plat, there was evidence of a line of marked trees through the woods, and that the plaintiffs and their father had used the piece of land between the fence and the Babb line continuously and for such purposes as it was susceptible of; that they had hogpens on it; that they cut wood on it every year; that all their stovewood was cut therefrom, and that the defendant had recognized the line and had sold timber up to it.

The doctrine as to what evidence is sufficient to show possession is fully stated by *Mr. Justice Walker* in *Locklear v. Savage,* 159 N. C., 236, and in the authorities there collected.

3. The third ground urged as error is that the court charged the jury that twenty years adverse possession on the part of the plaintiffs was sufficient, and that he should have charged, instead, that thirty years possession was necessary in order to show title out of the State.

The defendant at the beginning of the trial admitted that the plaintiffs owned the land on the east side of the true line, and the plaintiffs admitted that the defendant owned the land on the west side of the true line, and the whole case was tried upon the theory of determining the boundary, and not the question of title. It is too late on appeal to raise a question by exception to the charge, entered after the trial, which if made at the time could have been cured, doubtless, by proof which was not offered owing to the admission of the defendant. Such exception to the charge after trial is equivalent to an exception after the trial that the judge did not charge that the evidence was not sufficient to go to the jury, and cannot be entertained. *S. v. Houston,* 155 N. C., 433, and cases cited.

No error.